IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 cv 7915 |
| | ) | |
| MICHAEL J. MADIGAN, FRIENDS OF | ) | |
| MICHAEL J. MADIGAN, 13TH WARD | ) | |
| DEMOCRATIC ORGANIZATION, | ) | |
| PRISONER REVIEW BOARD, SHAW | ) | |
| DECREMER, SILVANA TABARES, | ) | |
| RAY HANANIA, JOE BARBOSA, and | ) | |
| GRASIELA RODRIGUEZ, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## AMENDED COMPLAINT

NOW COMES Plaintiff, JASON GONZALES, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., complaining of Defendants, MICHAEL J. MADIGAN, FRIENDS OF MICHAEL J. MADIGAN, 13TH WARD DEMOCRATIC ORGANIZATION, SHAW DECREMER, SILVANA TABARES, RAY HANANIA, JOE BARBOZA (a/k/a Joe Barbosa), and GRASIELA RODRIGUEZ (also collectively "DEFENDANTS"), and in support thereof, respectfully states unto this Honorable Court as follows:

### Nature of Claim

1.      JASON GONZALES brings this action seeking remedy for the deprivation of his civil rights granted by the First, Fourteenth, and Fifteenth Amendments of the United States Constitution and laws enacted thereunder, through acts and/or omissions of the DEFENDANTS, committed under color of law, in violation of 42 U.S.C. §1983.  JASON GONZALES seeks legal

and equitable relief, including but not limited to compensatory damages, punitive damages, interest, and attorneys' fees, pursuant to 42 U.S.C. §1983.

2.      In addition to the aforesaid deprivation of the constitutional rights of JASON GONZALES, he also presents state-law causes of action sounding in tort for defamation *per se*, false light, unlawful disclosure of criminal history, as well as conspiracy to prevent vote, and deprivation of constitutional rights.

## Jurisdiction and Venue

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367.

4.      Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391 because all parties are located within this District and the events giving rise to the claims occurred in this District.

## Parties

5.      Plaintiff JASON GONZALES (hereinafter "GONZALES") is an adult resident of the City of Chicago, Cook County, State of Illinois and is a United States citizen.

6.      Defendant MICHAEL J. MADIGAN (hereinafter "MADIGAN") is an individual and currently, and at all other times relevant hereto, Speaker of the Illinois House of Representatives representing District 22.  MADIGAN is being sued in both his official and individual capacities.

7.      Defendant MADIGAN is a state actor by virtue of his position as Speaker of the Illinois House.

8.      Defendant MADIGAN is a state actor by virtue of his position as member of the Illinois House of Representatives for District 22.

2

9.     Defendant MADIGAN is a state actor by virtue of his position as Chairman for the Democratic Party of Illinois.

10.     Defendant MADIGAN's actions in his personal capacity cannot be separated from the authority he derives from the political positions that he holds.

11.     Upon information and belief, Defendant MADIGAN controls several political fund accounts, including Defendant FRIENDS OF MICHAEL J. MADIGAN, Democratic Majority Fund, Southwest Side 13th Ward Fund, and Democratic Party of Illinois account.

12.     Defendant FRIENDS OF MICHAEL J. MADIGAN (hereinafter "FRIENDS OF MADIGAN") is, and at all other times relevant hereto, a political action committee based within Cook County, State of Illinois.

13.     The purpose of the political action committee, FRIENDS OF MADIGAN, is to elect and re-elect MADIGAN.

14.     FRIENDS OF MADIGAN is staffed by and/or employs campaign workers and supporters of MADIGAN.

15.     Upon information and belief, MADIGAN is the principal of FRIENDS OF MADIGAN.

16.     Upon information and belief, FRIENDS OF MADIGAN also campaigns for and provides campaign funds for politicians running for office that MADIGAN supports or who will vote for MADIGAN to retain his position as Illinois Speaker of the House of Representatives.

17.     FRIENDS OF MADIGAN is so intertwined with the state actor MADIGAN that it is, and at all other times relevant hereto, a state actor.

18.     FRIENDS OF MADIGAN acted by and through its employees and/or agents, including but not limited to its co-defendants herein.

3

19. Defendant 13TH WARD DEMOCRATIC ORGANIZATION (hereinafter "13TH WARD") is, and all other times relevant hereto, a political action committee, and a corporation incorporated pursuant to the laws of the State of Illinois, with its principal place of business based in Cook County, State of Illinois.

20. The City of Chicago's 13th Ward overlaps with the House of Representative District 22.

21. Defendant 13th WARD is located in the same building as MADIGAN'S office in the 22nd District.

22. The 13TH WARD DEMOCRATIC ORGANIZATION works for 13th Ward in Chicago.

23. MADIGAN is the 13th Ward Committeeman. As ward committeeman, MADIGAN is a political party official and has responsibilities that include voter registration, community forums, distribution of election materials, ensuring a smooth political process during elections in the ward, and attempting to produce higher voter turnout.

24. MADIGAN, as 13th Ward Committeeman, also is a voting member of the Democratic organization in the County, which allows him the ability to endorse replacements for some vacate political posts such as United States Congressman and state legislators.

25. Upon information and belief, MADIGAN, as 13th Ward Committeeman also has influence over doling out jobs, favors and services within and sometimes outside of his ward.

26. MADIGAN works closely with the 13th Ward Alderman Marty Quinn.

27. 13th Ward Alderman Quinn has worked on campaigns for MADIGAN and on behalf of MADIGAN as a political strategist.

4

28.     MADIGAN, as 13th Ward Committeeman, runs the 13TH WARD DEMOCRATIC ORGANIZATION and is supported by Alderman Quinn.

29.     Upon information and belief, the 13TH WARD DEMOCRATIC ORGANIZATION and FRIENDS OF MADIGAN have some of the same officers, employees, consultants, and/or volunteers.

30.     13TH WARD is so intertwined with the state actor MADIGAN that it is, and at all other times relevant hereto, a state actor.

31.     13TH WARD acted by and through its employees and/or agents, including but not limited to its co-defendants herein.

32.     Defendant SHAW DECREMER (hereinafter "DECREMER") is an individual and was a top aide to co-defendant MADIGAN, in his position as Speaker of the House.

33.     Upon information and belief, Defendant DECREMER has been aide to Speaker of the House MADIGAN, volunteer on MADIGAN'S political campaigns, has been a paid employee of FRIENDS OF MADIGAN, and would take large gaps of time off of his State job in order to work on political campaigns.

34.     Upon information and belief, Defendant DECREMER was MADIGAN's go to person to challenge political petitions to keep people of the ballot or to add straw candidates onto the ballot.

35.     Upon information and belief, the 2016 election at issue in this litigation was not the first time that straw candidates were added by the Defendants to the 22nd District ballot; it also occurred in 2012.

36.     Upon information and belief, Defendant DECREMER has a consulting business where he is hired to lobby politicians.

37.     Defendant DECREMER has used his access to and employment by MADIGAN to influence elections.

38.     DECREMER was, at all times relevant hereto, a state actor.

39.     Defendant SILVANA TABARES (hereinafter "TABARES") is an individual and currently, and at all other times relevant hereto, a member of the Illinois House of Representatives representing the 21st District.  TABARES is being sued in both her official and individual capacities.

40.     TABARES was elected to her district as a result of the 2012 re-districting map spearheaded by MADIGAN.

41.     Upon information and belief, TABARES not only votes in the legislature the way MADIGAN asks but also relies upon MADIGAN for campaign funding, campaign workers, and support at election time in order to retain her seat in the Illinois House.

42.     Each time the position of Speaker of the House was voted while TABARES' has been in office, she has supported MADIGAN.

43.     TABARES openly supports MADIGAN and discredited any candidates that challenged MADIGAN's re-election, specifically the Plaintiff, JASON GONZALES.

44.     Upon information and belief, MADIGAN and TABARES used resources available to them as state representatives, including supporters, precinct captains, campaign funds, political favors, in order to discredit the Plaintiff, JASON GONZALES.

45.     Upon information and belief, MADIGAN, TABARES, or the other Defendants hired Hispanics to hold up signs about Gonzales' criminal record, near polling places and tell voters in English and Spanish not to vote for Gonzales.

46.     Upon information and belief, MADIGAN, TABARES, or the other Defendants sent out post cards smearing the Plaintiff Gonzales, his background, and wrongfully associating him with a different political party.

47.     As a member of the Illinois House of Representatives for District 21, TABARES is, and at all other times relevant hereto, a state actor.

48.     Defendant RAY HANANIA (hereinafter "HANANIA") is an individual and a journalist based in the Chicagoland area.

49.     Upon information and belief, Defendant HANANIA is a MADIGAN supporter and uses his consulting business (Urban Strategies Group) to benefit MADIGAN and politicians supported by MADIGAN, including TABARES.

50.     Upon information and belief, Defendant HANANIA uses his consulting business to operate political campaigns and effect election results.

51.     Upon information and belief, Defendant HANANIA uses his position as an award winning journalist to influence his readers' opinion and effect the election process.

52.     Defendant RAY HANANIA tends to write positive stories or puts a positive spin on political articles referencing MADIGAN, while placing a negative spin or position on anyone opposing MADIGAN.

53.     State law regulates campaigns but, upon information and belief, HANANIA, misuses his consulting firm, media connections and the power of the press to effect the election process as a State actor.

54.     Defendant JOE BARBOZA (hereinafter "BARBOZA") is an individual based in the Chicagoland area.

7

55.     Upon information and belief, BARBOZA was a straw candidate, who was placed on the ballot for an illusion of competition for the 22nd District seat.

56.     Upon information and belief, BARBOZA gave MADIGAN permission to use his name and to obtain signatures, funds and votes on his behalf without actually running a campaign.

57.     Upon information and belief, BARBOZA has voted for MADIGAN in prior elections, has volunteered for MADIGAN campaigns, and/or has used organizations associated with MADIGAN to obtain employment.

58.     Upon information and belief, MADIGAN and BARBOZA worked together to knowingly deceived the voters of the 22nd District into believing that BARBOZA was a candidate for the House of Representative seat in the 22nd District.

59.     By virtue of the agreement between MADIGAN or agents of MADIGAN and BARBOZA, BARBOZA misused his campaign, did not intend to campaign under the laws of the State of Illinois, and acted under color of state law.

60.     BARBOZA is so intertwined with the state actor MADIGAN that he is, and at all other times relevant hereto, a state actor.

61.     Defendant GRASIELA RODRIGUEZ (hereinafter "RODRIGUEZ") is an individual based in the Chicagoland area.

62.     Upon information and belief, RODRIGUEZ was a straw candidate, who was placed on the ballot for an illusion of competition for the 22nd District seat.

63.     Upon information and belief, RODRIGUEZ gave MADIGAN permission to use her name and to obtain signatures, funds and votes on her behalf without actually running a campaign.

64.     Upon information and belief, RODRIGUEZ had voted for MADIGAN in prior elections, had volunteered for MADIGAN campaigns, and/or had used organizations associated with MADIGAN to obtain employment.

65.     Upon information and belief, MADIGAN and RODRIGUEZ worked together to knowingly deceived the voters of the 22nd District into believing that RODRIGUEZ was a candidate for the House of Representative seat in the 22nd District.

66.     By virtue of the agreement between MADIGAN or agents of MADIGAN and RODRIGUEZ, RODRIGUEZ misused her campaign, did not intend to campaign under the laws of the State of Illinois, and acted under color of state law.

67.     RODRIGUEZ is so intertwined with the state actor MADIGAN that she is, and at all other times relevant hereto, a state actor.

**Biography of Jason Gonzales**

68.     GONZALES, the son of working class parents, had an early life that was chaotic and dispiriting both at home and outside of the home as he grappled with racial prejudice, various behavioral disorders, and trouble with school.  When he was 17, he left home telling his father, "you will not make me miserable."

69.     During GONZALES' teenage years, between 1991 and 1994 in particular, GONZALES, allegedly engaged in criminal activity at shopping malls involving the unlawful use of credit cards.  Said criminal activity resulted in several arrests, criminal charges, and felony and misdemeanor convictions.  GONZALES was punished with a short stint in jail, probation, and fines.

70.     Having paid his debt to society, and determined to overcome his past struggles, GONZALES took the first step toward this end by returning to and completing high school—

9

which also earned him the recognition of being an Illinois State Scholar. GONZALES then went on to Michigan State University for one year then transferred to Duke University where he graduated *cum laude* with degrees in history and economics. At Duke University, GONZALES started a successful business and was an also athlete on the Duke University Men's Crew Team. GONZALES then went on to the Massachusetts Institute of Technology, where he earned his MBA and served as an advisor to MIT president, L. Rafael Reif. GONZALES then continued his education even further when he went on to earn the degree of Master of Public Administration from Harvard University, where he was mentored by former presidential advisor David Gergen.

71.     GONZALES has been determined to use his education, life experiences, and passion to help others. GONZALES speaks to at-risk kids in Chicago about the importance of education, overcoming adversity, and staying in school. GONZALES also co-founded AquaVida, a non-profit social enterprise that has brought clean drinking water to 30,000 people in some of the world's poorest and neediest places.

72.     Moreover, GONZALES was nominated to the Council of Foreign Relations and World Economic Forum as a *Young Global Leader.* He is a member of the Chicago Council on Global Affairs, the Spertus Institute, and the Civic Club of Chicago. And currently, GONZALES is writing a memoir entitled, *Thirteen Angels,* which is due to be published in 2017.

73.     All the while, GONZALES dreamed of taking his public service to the next level, by seeking elected office. However, despite all of the adversity GONZALES had surmounted, GONZALES was prevented from doing so because of his criminal record.

10

**Factual Background**

74.     In an effort to yet fulfil his dream of continuing his public service as an elected official, GONZALES unsuccessfully petitioned former Illinois Governors Jim Edgar and George Ryan for gubernatorial pardons of his crimes.

75.     However, on January 9, 2015, then-Illinois Governor Pat Quinn granted GONZALES executive clemency and a full pardon with order permitting expungement.

76.     A full pardon both relieves the pardoned person from further punishment and cleanses him of guilt for the pardoned offense.

77.     By October 2015, all of GONZALES' criminal case files had been either expunged or sealed.

78.     On November 30, 2015, GONZALES had collected the required number of petition signatures and arrived at the Springfield office of the Illinois State Board of Elections (hereinafter "Election Office") to file his nominating petition to become a candidate in the 2016 election for the District 22 seat of the Illinois House of Representatives (hereinafter "District 22") approximately fifteen (15) minutes before the deadline for doing so.

79.     DECREMER had been staking out the Election Office prior to GONZALES' arrival and kept his attention fixed on GONZALES once GONZALES arrived.

80.     Minutes before the said deadline, GONZALES filed his nominating petition with the Election Office.

81.     DECREMER, observing that GONZALES had just filed his nominating petition, suddenly produced the nominating petitions for two (2) additional candidates for the District 22 election.

82.     DECREMER, acting on his own and in concert with one or more of his co-defendants, and other currently-unknown parties, filed nominating petitions with the Election Office for BARBOZA and RODRIGUEZ moments after GONZALES filed his own nominating papers for the 2016 election for the District 22 seat of the Illinois House of Representatives.

83.     BARBOZA, one of these candidates who ostensibly ran in the 2016 election for the District 22 seat of the Illinois House of Representatives was a phony candidate planted by the DEFENDANTS herein to dilute the Hispanic vote.  "Barbosa" is an Hispanic surname.

84.     BARBOZA did not actively campaign, have a campaign website, or otherwise promote his candidacy.

85.     RODRIGUEZ, the other of these candidates who ostensibly ran in the 2016 election for District 22 of the Illinois House of Representatives was a phony candidate planted by the DEFENDANTS herein to dilute the Hispanic vote.  "Rodriguez" is also an Hispanic surname.

86.     RODRIGUEZ did not actively campaign, have a campaign website, or otherwise promote her candidacy.

87.     Approximately 70% of the residents of District 22 are Hispanic.

88.     GONZALES, a resident of District 22, is also Hispanic.

89.     MADIGAN, also a resident of District 22, is Caucasian—not Hispanic.

90.     At a polling place during early voting, GONZALES witnessed TABARES defaming GONZALES to voters by instructing them not to vote for GONZALES because he was a "convicted felon," and similar defamatory statements.

91.     HANANIA published defamatory statements about GONZALES in his columns, postings, blogs, and the like.

**COUNT I**
**42 U.S.C. § 1983 – FIRST AMENDMENT**
**MICHAEL J. MADIGAN**

92. GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 as if fully set forth herein as paragraph 92.

93. The First Amendment of the United States Constitution (hereinafter "First Amendment") grants the people the right to petition the government for a redress of grievances.

94. MADIGAN while acting under color of law violated GONZALES' right to petition granted by the First Amendment.

95. MADIGAN interfered with GONZALES' right to petition the government for redress pursuant to the First Amendment by MADIGAN tainting the pool of voters with messages that GONZALES was a convicted felon in television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as MADIGAN and his employees and/or agents went door to door throughout District 22, and the like, after GONZALES had received a full gubernatorial pardon.

96. The purpose of a gubernatorial pardon, which is a governmental redress, is to allow a person to have a clean start and to prevent any prior criminal history from becoming a hurdle that must be overcome or explained the rest of the individual's life.

97. Plaintiff, GONZALES, was granted a gubernatorial pardon in January 2015.

98. MADIGAN did not recognize the governmental redress of the pardon Gonzales received by respecting the fact that Gonzales' record was made clean and instead campaigned against Jason Gonzales as being a convicted felon.

99. MADIGAN used commercials, campaign workers and volunteers to spread the message of Gonzales' past.

13

100.     MADIGAN not only used his own campaign funds to address Gonzales past but also the funds in the organizations controlled by him by virtue of his political offices.

101.     MADIGAN not only used his own campaign workers and volunteers to discredit Gonzales' past but also workers and volunteers of the organizations controlled by him by virtue of his political offices.

102.     The actions taken by MADIGAN, in his campaign for re-election and to keep his seat and benefits in the Illinois House of Representatives, negated the reason for GONZALES to obtain the pardon in the first place.

103.     MADIGAN disregarded GONZALES' pardon as if it did not occur.

104.     GONZALES' right to redress by the government was nullified by MADIGAN, as everything that was pardoned was brought to the forefront.

105.     GONZALES' right to redress under the 1st Amendment may have been on paper but the Illinois Speaker of the House, Illinois House Representative for the 22nd District,13th Ward Committeeman,  and Democratic Party Chairman for Illinois (all political and governmental offices in Illinois held by MADIGAN) did not allow Gonzales the benefit of his pardon by the government.

106.      As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including employment in the state legislature, emotional distress, damage to reputation, and further punishment despite being granted full pardons.

107.     By reason of the misconduct of MADIGAN, GONZALES was deprived of rights secured to him by the First Amendment and laws enacted thereunder.  Therefore, MADIGAN is liable to GONZALES pursuant to 42 U.S.C. §1983.

14

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT II
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
## EQUAL PROTECTION – UNCONSTITUTIONAL CANDIDATE QUALIFICATION
## MICHAEL J. MADIGAN

108.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 107 as paragraph 108, as if fully set forth herein.

109.    MADIGAN while acting under color of law violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

110.    MADIGAN insinuated that in order to be in the state legislature you cannot have any marks on your criminal record; even if they are expunged, pardoned, or as a juvenile, like GONZALES, you cannot run for political office.

111.    The lack of a criminal history is not a qualification to be a candidate or to hold the office of in the Illinois House of Representatives.

112.    MADIGAN improperly misled the District 22 voters by instituting a candidate qualification by falsely claiming, in his television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as MADIGAN and his employees and/or agents went door to door throughout District 22, and the like, that GONZALES, as being a convicted felon could not be elected to a political office.

113.    MADIGAN's improper candidate qualification was false because GONZALES was eligible to be elected to political office because of the full gubernatorial pardons he had

15

received. Therefore, no allegation is even necessary that the improper candidate qualification was not narrowly tailored to promote a compelling or overriding interest.

114.    As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including obstruction of employment, emotional distress, damage to reputation, and further punishment despite being granted full pardons.

115.    By reason of the misconduct of MADIGAN, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder. Therefore, MADIGAN is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

### COUNT III
### 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
### EQUAL PROTECTION – UNCONSTITUTIONAL VOTE DILUTION
### MICHAEL J. MADIGAN

116.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 115 as paragraph 116, as if fully set forth herein.

117.    GONZALES was a registered voter in the Illinois House of Representative District 22.

118.    MADIGAN while acting under color of law, in his various political and governmental roles (as set forth in paragraphs 6-10 and 23 above), violated GONZALES' rights

16

to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

119.    It was at MADIGAN'S direction that DECREMER filed nominating papers for BARBOZA and RODRIGUEZ to get onto the ballot.

120.    MADIGAN interfered with the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

121.    Upon information and belief, the 2016 election was not the first time that MADIGAN added straw or fake Hispanic candidates to the ballot but it also occurred in 2012.

122.    Race was a predominant consideration in MADIGAN's role in the registering of two fake candidates with Hispanic surnames because District 22 of the Illinois House of Representatives is predominantly Hispanic and GONZALES is Hispanic.

123.    As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

124.    By reason of the misconduct of MADIGAN, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, MADIGAN is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys'

fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

<u>COUNT IV</u>
<u>42 U.S.C. § 1983 – FIFTEENTH AMENDMENT</u>
<u>UNCONSTITUTIONAL VOTE DILUTION</u>
<u>MICHAEL J. MADIGAN</u>

125.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 124 as paragraph 125, as though fully set forth herein.

126.     MADIGAN while acting under color of law violated GONZALES' rights granted by the Fifteenth Amendment of the United States Constitution.

127.     The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

128.     GONZALES was a registered voter in the Illinois House of Representative District 22.

129.     MADIGAN abridged the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

130.     MADIGAN's actions were to dilute, minimize, and cancel the voting strength of Hispanics, including GONZALES.

131.     Upon information and belief, Gonzales would have obtained more votes had there not been other Hispanic names on the ballot.

18

132.     As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

133.     By reason of the misconduct of MADIGAN, GONZALES was deprived of rights secured to him by the Fifteenth Amendment to the Constitution of the United States and laws enacted thereunder, including the Voting Rights Act, 52 U.S.C. §10101, et seq. Therefore, MADIGAN is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

### COUNT V
### DEFAMATION *PER SE* – ILLINOIS
### MICHAEL J. MADIGAN

134.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 133 as paragraph 134, as though fully set forth herein.

135.     In addition to his direct action, MADIGAN acted by and through his employees and/or agents, including but not limited to his co-defendants herein.

136.     MADIGAN made a false statement about GONZALES when he stated that GONZALES was a convicted felon.

137.     MADIGAN made an unprivileged publication of the false statement to third parties when he caused the statement to be published by way of television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as MADIGAN and

19

his employees and/or agents went door to door throughout District 22, and the like, after GONZALES had received a full gubernatorial pardon.

138.    MADIGAN's defamatory statement was one that harmed GONZALES' reputation to the extent it lowered GONZALES in the eyes of the community and deterred the community from associating with him.

139.    MADIGAN's statement was defamatory *per se* because its harm was obvious and apparent on its face.

140.    MADIGAN's statement was defamatory *per se* because it imputed that GONZALES had committed a crime.

141.    MADIGAN's statement was defamatory *per se* because it imputed that GONZALES was unable to perform or lacked integrity to perform duties as a state representative.

142.    MADIGAN's statement was defamatory *per se* because it imputed that GONZALES lacked ability and prejudiced GONZALES in his effort to be elected state representative.

143.    MADIGAN acted with actual malice in making the aforesaid defamatory statement because he did so with knowledge that it was false.

144.    As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, MICHAEL J. MADIGAN for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

### COUNT VI
### FALSE LIGHT – ILLINOIS
### MICHAEL J. MADIGAN

145.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 144 as if set forth verbatim herein as paragraph 145.

146.     GONZALES was placed in a false light before the public when MADIGAN tainted the pool of voters by reporting that GONZALES was a convicted felon, by way of television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as MADIGAN and his employees and/or agents went door to door throughout District 22, and the like, even though he knew otherwise because GONZALES had received a full pardon for all of his crimes.

147.     The false light in which GONZALES was placed by MADIGAN would be highly offensive to a reasonable person.

148.     MADIGAN acted with actual malice because he had knowledge that the statements he made that GONZALES was a convicted felon were false.

149.     As a direct and proximate result of the foregoing acts and/or omissions by MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT VII
## 42 U.S.C. § 1983 – FIRST AMENDMENT
## FRIENDS OF MICHAEL J. MADIGAN

150.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 107 as paragraph 150, as if fully set forth herein.

151.     FRIENDS OF MADIGAN was a willful participant in the joint action of re-electing MADIGAN as the representative for District 22 of the Illinois House of Representatives with state actor MADIGAN.

152.     The First Amendment of the United States Constitution (hereinafter "First Amendment") grants the people the right to petition the government for a redress of grievances.

153.     FRIENDS OF MADIGAN while acting under color of law violated GONZALES' right to petition granted by the First Amendment.

154.     FRIENDS OF MADIGAN interfered with GONZALES' right to petition the government for redress pursuant to the First Amendment by FRIENDS OF MADIGAN tainting the pool of voters with messages that GONZALES was a convicted felon in television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as FRIENDS OF MADIGAN and its employees and/or agents went door to door throughout District 22, and the like, after GONZALES had received a full gubernatorial pardon.

155.     As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature,

22

including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

156.    By reason of the misconduct of FRIENDS OF MADIGAN, GONZALES was deprived of rights secured to him by the First Amendment and laws enacted thereunder. Therefore, FRIENDS OF MADIGAN is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, FRIENDS OF MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT VIII**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT**
**EQUAL PROTECTION – UNCONSTITUTIONAL CANDIDATE QUALIFICATION**
**FRIENDS OF MICHAEL J. MADIGAN**

157.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 115 as paragraph 157, as though fully set forth herein.

158.    FRIENDS OF MADIGAN while acting under color of law violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

159.    FRIENDS OF MADIGAN improperly misled the District 22 voters by instituting a candidate qualification by falsely claiming, in its television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as FRIENDS OF MADIGAN and its employees and/or agents went door to door throughout District 22, and the like, that GONZALES, as being a convicted felon could not be elected to a political office.

160.     FRIENDS OF MADIGAN's improper candidate qualification was false because GONZALES was eligible to be elected to political office because of the full gubernatorial pardons he had received.  Therefore, no allegation is even necessary that the improper candidate qualification was not narrowly tailored to promote a compelling or overriding interest.

161.     As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

162.     By reason of the misconduct of FRIENDS OF MADIGAN, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, FRIENDS OF MADIGAN is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, FRIENDS OF MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT IX**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT**
**EQUAL PROTECTION – UNCONSTITUTIONAL VOTE DILUTION**
**FRIENDS OF MICHAEL J. MADIGAN**

163.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 124 as paragraph 163, as though fully set forth herein.

24

164.     FRIENDS OF MADIGAN while acting under color of law violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

165.     FRIENDS OF MADIGAN interfered with the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

166.     Race was a predominant consideration in FRIENDS OF MADIGAN's role in the registering of two fake candidates with Hispanic surnames because District 22 of the Illinois House of Representatives is predominantly Hispanic.

167.     As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

168.     By reason of the misconduct of FRIENDS OF MADIGAN, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, FRIENDS OF MADIGAN is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, FRIENDS OF MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

25

**COUNT X**
**42 U.S.C. § 1983 – FIFTEENTH AMENDMENT**
**UNCONSTITUTIONAL VOTE DILUTION**
**FRIENDS OF MICHAEL J. MADIGAN**

169.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 133 as paragraph 169, as though fully set forth herein.

170.    FRIENDS OF MADIGAN while acting under color of law violated GONZALES' rights granted by the Fifteenth Amendment of the United States Constitution.

171.    The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

172.    FRIENDS OF MADIGAN abridged the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

173.    FRIENDS OF MADIGAN's actions were to dilute, minimize, and cancel the voting strength of Hispanics, including GONZALES.

174.    As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

175.    By reason of the misconduct of FRIENDS OF MADIGAN, GONZALES was deprived of rights secured to him by the Fifteenth Amendment to the Constitution of the United

States and laws enacted thereunder including the Voting Rights Act, 52 U.S.C. §10101, et seq. Therefore, MADIGAN is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, FRIENDS OF MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XI**
**DEFAMATION *PER SE* – ILLINOIS**
**FRIENDS OF MICHAEL J. MADIGAN**

176.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 144 as paragraph 176, as though fully set forth herein.

177.    FRIENDS OF MADIGAN made a false statement about GONZALES when it stated that GONZALES was a convicted felon.

178.    FRIENDS OF MADIGAN made an unprivileged publication of the false statement to third parties when it caused the statement to be published by way of television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as FRIENDS OF MADIGAN and its employees and/or agents went door to door throughout District 22, and the like.

179.    FRIENDS OF MADIGAN's defamatory statement was one that harmed GONZALES' reputation to the extent it lowered GONZALES in the eyes of the community and deterred the community from associating with him.

180.    FRIENDS OF MADIGAN's statement was defamatory *per se* because its harm was obvious and apparent on its face.

27

181.    FRIENDS OF MADIGAN's statement was defamatory *per se* because it imputed that GONZALES had committed a crime.

182.    FRIENDS OF MADIGAN's statement was defamatory *per se* because it imputed that GONZALES was unable to perform or lacked integrity to perform duties as a state representative.

183.    FRIENDS OF MADIGAN's statement was defamatory *per se* because it imputed that GONZALES lacked ability and prejudiced GONZALES in his effort to be elected state representative.

184.    FRIENDS OF MADIGAN acted with actual malice in making the aforesaid defamatory statement because it did so with knowledge that it was false.

185.    As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against the Defendant FRIENDS OF MICHAEL J. MADIGAN for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XII**
**FALSE LIGHT – ILLINOIS**
**FRIENDS OF MICHAEL J. MADIGAN**

186.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 149 as paragraph 186, as though fully set forth herein.

28

187.     GONZALES was placed in a false light before the public when FRIENDS OF MADIGAN tainted the pool of voters by reporting that GONZALES was a convicted felon, by way of television commercials, internet commercials, mailers, yard signs in-person encounters with potential voters as FRIENDS OF MADIGAN and its employees and/or agents went door to door throughout District 22, and the like, even though it knew otherwise because GONZALES had received a full pardon for all of his crimes.

188.     The false light in which GONZALES was placed by FRIENDS OF MADIGAN would be highly offensive to a reasonable person.

189.     FRIENDS OF MADIGAN acted with actual malice because it had knowledge that the statements it made that GONZALES was a convicted felon were false.

190.     As a direct and proximate result of the foregoing acts and/or omissions by FRIENDS OF MADIGAN, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, FRIENDS OF MICHAEL J. MADIGAN, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

### COUNT XIII
### 42 U.S.C. § 1983 – FIRST AMENDMENT
### 13TH WARD DEMOCRATIC ORGANIZATION

191.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 107 as paragraph 191, as though fully set forth herein.

192.    13TH WARD was a willful participant in the joint action of re-electing MADIGAN as the representative for District 22 of the Illinois House of Representatives with state actor MADIGAN.

193.    The First Amendment of the United States Constitution (hereinafter "First Amendment") grants the people the right to petition the government for a redress of grievances.

194.    13TH WARD while acting under color of law violated GONZALES' right to petition granted by the First Amendment.

195.    13TH WARD interfered with GONZALES' right to petition the government for redress pursuant to the First Amendment by 13TH WARD tainting the pool of voters with messages that GONZALES was a convicted felon in television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as 13THE WARD and its employees and/or agents went door to door throughout District 22, and the like, after GONZALES had received a full gubernatorial pardon.

196.    As a direct and proximate result of the foregoing acts and/or omissions by 13TH WARD, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

197.    By reason of the misconduct of 13TH WARD, GONZALES was deprived of rights secured to him by the First Amendment and laws enacted thereunder. Therefore, 13TH WARD is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, 13TH WARD DEMOCRATIC ORGANIZATION, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court

deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XIV**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT**
**EQUAL PROTECTION – UNCONSTITUTIONAL CANDIDATE QUALIFICATION**
**13TH WARD DEMOCRATIC ORGANIZATION**

198.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 115 as paragraph 198, as though fully set forth herein.

199.    13TH WARD while acting under color of law violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

200.    13TH WARD improperly misled the District 22 voters by instituting a candidate qualification by falsely claiming, in its television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as 13TH WARD and its employees and/or agents went door to door throughout District 22, and the like, that GONZALES, as being a convicted felon could not be elected to a political office.

201.    13TH WARDS's improper candidate qualification was false because GONZALES was eligible to be elected to political office because of the full gubernatorial pardons he had received.  Therefore, no allegation is even necessary that the improper candidate qualification was not narrowly tailored to promote a compelling or overriding interest.

202.    As a direct and proximate result of the foregoing acts and/or omissions by 13TH WARD, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

203.    By reason of the misconduct of 13TH WARD, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and

laws enacted thereunder. Therefore, 13TH WARD is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, 13TH WARD DEMOCRATIC ORGANIZATION, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XV**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT**
**EQUAL PROTECTION – UNCONSTITUTIONAL VOTE DILUTION**
**13TH WARD DEMOCRATIC ORGANIZATION**

204. GONZALES re-alleges and incorporates by reference paragraphs 1 through 124 as paragraph 204, as though fully set forth herein.

205. 13TH WARD while acting under color of law violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

206. 13TH WARD interfered with the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

207. Race was a predominant consideration in 13TH WARD's role in the registering of two fake candidates with Hispanic surnames because District 22 of the Illinois House of Representatives is predominantly Hispanic.

208.    As a direct and proximate result of the foregoing acts and/or omissions by 13TH WARD, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

209.    By reason of the misconduct of 13TH WARD, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, 13TH WARD is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, 13TH WARD DEMOCRATIC ORGANIZATION, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XVI**
**42 U.S.C. § 1983 – FIFTEENTH AMENDMENT**
**UNCONSTITUTIONAL VOTE DILUTION**
**13TH WARD DEMOCRATIC ORGANIZATION**

210.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 133 as paragraph 210, as though fully set forth herein.

211.    13TH WARD while acting under color of law violated GONZALES' rights granted by the Fifteenth Amendment of the United States Constitution.

212.    The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

213.    13TH WARD abridged the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

214.    13TH WARD's actions were to dilute, minimize, and cancel the voting strength of Hispanics, including GONZALES.

215.    As a direct and proximate result of the foregoing acts and/or omissions by 13TH WARD, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

216.    By reason of the misconduct of 13TH WARD, GONZALES was deprived of rights secured to him by the Fifteenth Amendment to the Constitution of the United States and laws enacted thereunder, including the Voting Rights Act, 52 U.S.C. §10101, et seq. Therefore, 13TH WARD is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, 13TH WARD DEMOCRATIC ORGANIZATION, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XVII
## DEFAMATION *PER SE* – ILLINOIS
## 13TH WARD DEMOCRATIC ORGANIZATION

217.    GONZALES re-alleges and incorporates paragraphs 1 through 144 as paragraph 217, as if fully set forth herein.

218. 13TH WARD made a false statement about GONZALES when it stated that GONZALES was a convicted felon.

219. 13TH WARD made an unprivileged publication of the false statement to third parties when it caused the statement to be published by way of television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as 13TH WARD and its employees and/or agents went door to door throughout District 22, and the like.

220. 13TH WARD's defamatory statement was one that harmed GONZALES' reputation to the extent it lowered GONZALES in the eyes of the community and deterred the community from associating with him.

221. 13TH WARD's statement was defamatory *per se* because its harm was obvious and apparent on its face.

222. 13TH WARD's statement was defamatory *per se* because it imputed that GONZALES had committed a crime.

223. 13TH WARD's statement was defamatory *per se* because it imputed that GONZALES was unable to perform or lacked integrity to perform duties as a state representative.

224. 13TH WARD's statement was defamatory *per se* because it imputed that GONZALES lacked ability and prejudiced GONZALES in his effort to be elected state representative.

225. 13TH WARD acted with actual malice in making the aforesaid defamatory statement because it did so with knowledge that it was false.

35

226.     As a direct and proximate result of the foregoing acts and/or omissions by 13TH WARD, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against the Defendant, 13TH WARD DEMOCRATIC ORGANIZATION for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper.

### COUNT XVIII
### FALSE LIGHT – ILLINOIS
### 13TH WARD DEMOCRATIC ORGANIZATION

227.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 149 as paragraph 227, as if fully set forth herein.

228.     GONZALES was placed in a false light before the public when 13TH WARD tainted the pool of voters by reporting that GONZALES was a convicted felon, by way of television commercials, internet commercials, mailers, yard signs, in-person encounters with potential voters as 13TH WARD and its employees and/or agents went door to door throughout District 22, and the like, even though it knew otherwise because GONZALES had received a full pardon for all of his crimes.

229.     The false light in which GONZALES was placed by 13TH WARD would be highly offensive to a reasonable person.

230.     13TH WARD acted with actual malice because it had knowledge that the statements it made that GONZALES was a convicted felon were false.

231.    As a direct and proximate result of the foregoing acts and/or omissions by 13TH WARD, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, 13TH WARD DEMOCRATIC ORGANIZATION, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

### COUNT XIX
### 42 U.S.C. § 1983 – FIRST AMENDMENT
### PRISONER REVIEW BOARD

This cause of action has been dismissed by the court with prejudice, and Plaintiff accordingly does not replead the count in full but realleges said count as if more fully stated herein to preserve the record.  Plaintiff reserves the right to appeal the dismissal.

### COUNT XX
### DEFAMATION *PER SE* – ILLINOIS
### PRISONER REVIEW BOARD

This cause of action has been dismissed by the Court with prejudice, and Plaintiff accordingly does not replead the count in full but realleges said count as if more fully stated herein to preserve the record.  Plaintiff reserves the right to appeal the dismissal.

### COUNT XXI
### FALSE LIGHT – ILLINOIS
### PRISONER REVIEW BOARD

This cause of action has been dismissed by the court with prejudice, and Plaintiff accordingly does not replead the count in full but realleges said count as if more fully stated herein to preserv the record.  Plaintiff reserves the right to appeal the dismissal.

## COUNT XXII
## UNLAWFUL DISCLOSURE – ILLINOIS
## PRISONER REVIEW BOARD

This cause of action has been dismissed by the court with prejudice, and Plaintiff accordingly does not replead the count in full but realleges said count as if more fully stated herein to preserve the record.  Plaintiff reserves the right to appeal the dismissal.

## COUNT XXIII
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
## EQUAL PROTECTION – UNCONSTITUTIONAL VOTE DILUTION
## SHAW DECREMER

232.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 as paragraph 232, as though fully set forth herein.

233.    DECREMER, while acting under color of law in conjunction with or at the direction of MADIGAN, violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

234.    DECREMER interfered with the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

235.    DECREMER is not a resident or registered voter in District 22 for the Illinois House of Representatives.

236.    Race was a predominant consideration in DECREMER's role in the registering of two fake candidates with Hispanic surnames because District 22 of the Illinois House of Representatives is predominantly Hispanic.

237.    As a direct and proximate result of the foregoing acts and/or omissions by DECREMER, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

238.    By reason of the misconduct of DECREMER, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder. Therefore, DECREMER is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SHAW DECREMER, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

### COUNT XXIV
### 42 U.S.C. § 1983 – FIFTEENTH AMENDMENT
### UNCONSTITUTIONAL VOTE DILUTION
### SHAW DECREMER

239.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 as paragraph 239, as though fully set forth herein.

240.    DECREMER, while acting under color of law in conjunction with or at the direction of MADIGAN, violated GONZALES' rights granted by the Fifteenth Amendment of the United States Constitution.

241.    The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

39

242.     DECREMER abridged the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by registering two fake candidates with Hispanic surnames minutes after GONZALES filed his nominating petition—which was also just minutes before the deadline to file nominating petitions for the election.

243.     DECREMER's actions were to dilute, minimize, and cancel the voting strength of Hispanics, including GONZALES.

244.     DECREMER is not a resident or registered voter in District 22 for the Illinois House of Representatives.

245.     As a direct and proximate result of the foregoing acts and/or omissions by DECREMER, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

246.     By reason of the misconduct of DECREMER, GONZALES was deprived of rights secured to him by the Fifteenth Amendment to the Constitution of the United States and laws enacted thereunder, including the Voting Rights Act, 52 U.S.C. §10101, et seq. Therefore, DECREMER is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SHAW DECREMER, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXV**
**42 U.S.C. § 1983 – FIRST AMENDMENT**
**SILVANA TABARES**

247.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 as paragraph 247, as though fully set forth herein.

248.     The First Amendment of the United States Constitution (hereinafter "First Amendment") grants the people the right to petition the government for a redress of grievances.

249.     TABARES while acting under color of law violated GONZALES' right to petition granted by the First Amendment.

250.     The purpose of a gubernatorial pardon, which is a governmental redress, is to allow a person to have a clean start and to prevent any prior criminal history from becoming a hurdle that must be overcome or explained the rest of the individual's life.

251.     Plaintiff, GONZALES, was granted a gubernatorial pardon in January 2015.

252.     TABARES did not recognize the governmental redress of the pardon Gonzales received by respecting the fact that Gonzales' record was made clean and instead campaigned against Jason Gonzales as being a convicted felon.

253.     TABARES interfered with GONZALES' right to petition the government for redress pursuant to the First Amendment by TABARES tainting the pool of voters when she went to polling places during early voting and told as many voters as she could that GONZALES was a convicted felon, after GONZALES had received a full gubernatorial pardon.

254.      As a direct and proximate result of the foregoing acts and/or omissions by TABARES, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

41

255. By reason of the misconduct of TABARES, GONZALES was deprived of rights secured to him by the First Amendment and laws enacted thereunder. Therefore, TABARES is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SILVANA TABARES, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXVI**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT**
**EQUAL PROTECTION – UNCONSTITUTIONAL CANDIDATE QUALIFICATION**
**SILVANA TABARES**

256. GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and 248 through 255 as paragraph 256, as though fully set forth herein.

257. TABARES, while acting under color of law as House Representative for the 21st District, violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

258. TABARES improperly misled the District 22 voters by instituting a candidate qualification by falsely claiming at polling places that GONZALES, as being a convicted felon could not be elected to a political office.

259. TABARES' improper candidate qualification was false because GONZALES was eligible to be elected to political office because of the full gubernatorial pardons he had received. Therefore, no allegation is even necessary that the improper candidate qualification was not narrowly tailored to promote a compelling or overriding interest.

260.     As a direct and proximate result of the foregoing acts and/or omissions by TABARES, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

261.     By reason of the misconduct of TABARES, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, TABARES is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SILVANA TABARES, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XXVII
### 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
### EQUAL PROTECTION – UNCONSTITUTIONAL VOTE DILUTION
### SILVANA TABARES

262.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and paragraphs 248 through 255 as paragraph 262, as though fully set forth herein.

263.     TABARES, while acting under color of law as House Representative for the 21st District, violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

264.     TABARES interfered with the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote, in a nearby district, by using her ability to speak Spanish at polling

places during early voting to spread misinformation about GONZALES and confusing Hispanic voters causing them vote for straw candidates BARBOZA or RODRIGUEZ—if not MADIGAN.

265.     TABARES is not a resident or registered voter for District 22 of the House of Representatives.

266.     Race was a predominant consideration in TABARES' aforesaid actions.

267.     District 22 of the Illinois House of Representatives is predominantly Hispanic.

268.     As a direct and proximate result of the foregoing acts and/or omissions by TABARES, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

269.     By reason of the misconduct of TABARES, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, TABARES is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SILVANA TABARES, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XXVIII
## 42 U.S.C. § 1983 – FIFTEENTH AMENDMENT
## UNCONSTITUTIONAL VOTE DILUTION
## SILVANA TABARES

270.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and paragraphs  248 through 269 as paragraph 270 as though fully set forth herein.

44

271.     TABARES, while acting under color of law as 21st District member of the House of Representatives, violated GONZALES' rights granted by the Fifteenth Amendment of the United States Constitution.

272.     The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

273.     TABARES abridged the voting rights of Hispanics, including GONZALES, by diluting the Hispanic vote by using her ability to speak Spanish at polling places during early voting to spread misinformation about GONZALES and confusing Hispanic voters causing them vote for straw candidates BARBOZA or RODRIGUEZ—if not MADIGAN.

274.     TABARES' actions were to dilute, minimize, and cancel the voting strength of Hispanics, including GONZALES.

275.     TABARES is not a resident or registered voter for District 22 of the House of Representatives.

276.     As a direct and proximate result of the foregoing acts and/or omissions by TABARES, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

277.     By reason of the misconduct of TABARES, GONZALES was deprived of rights secured to him by the Fifteenth Amendment to the Constitution of the United States and laws enacted thereunder, including the Voting Rights Act, 52 U.S.C. § 10101, et seq. Therefore, TABARES is liable to GONZALES pursuant to 42 U.S.C. § 1983.

45

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SILVANA TABARES, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXIX**
**DEFAMATION *PER SE* – ILLINOIS**
**SILVANA TABARES**

278.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and 248 through 277 as paragraph 278, as though fully set forth herein.

279.    TABARES made false statements about GONZALES when she stated that GONZALES was a convicted felon and made other similar statements.

280.    TABARES made an unprivileged publication of the false statements to third parties by falsely claiming at polling places that GONZALES was a convicted felon and other similar statements.

281.    TABARES' defamatory statements were ones that harmed GONZALES' reputation to the extent it lowered GONZALES in the eyes of the community and deterred the community from associating with him.

282.    TABARES' statement was defamatory *per se* because its harm was obvious and apparent on its face.

283.    TABARES' statement was defamatory *per se* because it imputed that GONZALES had committed a crime.

284.    TABARES' statements were defamatory *per se* because they imputed that GONZALES was unable to perform or lacked integrity to perform duties as a state representative.

285.     TABARES' statements were defamatory *per se* because they imputed that GONZALES lacked ability and prejudiced GONZALES in his effort to be elected state representative.

286.     TABARES acted with actual malice in making the aforesaid defamatory statements because she did so with knowledge that they were false.

287.     As a direct and proximate result of the foregoing acts and/or omissions by TABARES, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SILVANA TABARES for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXX**
**FALSE LIGHT – ILLINOIS**
**SILVANA TABARES**

288.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and 244 through 287 as paragraph 288, as though fully set forth herein.

289.     GONZALES was placed in a false light before the public when TABARES tainted the pool of voters by stating that GONZALES was a convicted felon, and similar statements, at polling places, even though she knew otherwise because GONZALES had received a full pardon for all of his crimes.

290.     The false light in which GONZALES was placed by TABARES would be highly offensive to a reasonable person.

47

291.     TABARES acted with actual malice because she had knowledge that the statements she made that GONZALES was a convicted felon, and similar statements, were false.

292.     As a direct and proximate result of the foregoing acts and/or omissions by TABARES, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, SILVAN TABARES, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXXI**
**DEFAMATION *PER SE* – ILLINOIS**
**RAY HANANIA**

293.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 as paragraph 293, as though fully set forth herein.

294.     HANANIA made false statements about GONZALES when he stated that GONZALES was a convicted felon and made other similar statements.

295.     HANANIA made an unprivileged publication of the false statements to third parties by falsely reporting through his articles, columns, blogs, and the like, that GONZALES was a convicted felon and other similar statements.

296.     HANANIA's defamatory statements were ones that harmed GONZALES' reputation to the extent it lowered GONZALES in the eyes of the community and deterred the community from associating with him.

297.    HANANIA's statements were defamatory *per se* because their harm were obvious and apparent on their face.

298.    HANANIA's statements were defamatory *per se* because they imputed that GONZALES had committed a crime.

299.    HANANIA's statements were defamatory *per se* because they imputed that GONZALES was unable to perform or lacked integrity to perform duties as a state representative.

300.    HANANIA's statements were defamatory *per se* because they imputed that GONZALES lacked ability and prejudiced GONZALES in his effort to be elected state representative.

301.    HANANIA acted with actual malice in making the aforesaid defamatory statements because he did so with knowledge that they were false.

302.    As a direct and proximate result of the foregoing acts and/or omissions by HANANIA, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, RAY HANANIA for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XXXII
## FALSE LIGHT – ILLINOIS
## RAY HANANIA

303.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and 321 through 302 as paragraph 331, as though fully set forth herein.

304.     GONZALES was placed in a false light before the public when HANANIA tainted the pool of voters by stating that GONZALES was a convicted felon, and similar statements, by falsely reporting them through his articles, columns, blogs, and the like, even though he knew otherwise because GONZALES had received a full pardon for all of his crimes.

305.     The false light in which GONZALES was placed by HANANIA would be highly offensive to a reasonable person.

306.     HANANIA acted with actual malice because he had knowledge that the statements he made that GONZALES was a convicted felon, and similar statements, were false.

307.     As a direct and proximate result of the foregoing acts and/or omissions by HANANIA, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, RAY HANANIA, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXXIII**
**42 U.S.C. § 1983 – FOURTEENTH AMENDMENT**
**EQUAL PROTECTION – UNCONSTITUTIONAL VOTE DILUTION**
**JOE BARBOZA**

308.     GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 as paragraph 308, as though fully set forth herein.

309.     BARBOZA, while acting under color of law as a political candidate and/or at the direction of MADIGAN, violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

310.     BARBOZA interfered with the voting rights of Hispanics, including GONZALES, by entering the 2016 election for the District 22 seat of the Illinois House of Representatives for the sole reason to assist MADIGAN by diluting the Hispanic vote.

311.     Race was a predominant consideration in BARBOZA's aforesaid actions.

312.     District 22 of the Illinois House of Representatives is predominantly Hispanic.

313.     As a direct and proximate result of the foregoing acts and/or omissions by BARBOZA, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

314.     By reason of the misconduct of BARBOZA, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder. Therefore, BARBOZA is liable to GONZALES pursuant to 42 U.S.C. §1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, JOE BARBOZA, both jointly and severally, for substantial compensatory and punitive damages,

plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

### COUNT XXXIV
### 42 U.S.C. § 1983 – FIFTEENTH AMENDMENT
### UNCONSTITUTIONAL VOTE DILUTION
### JOE BARBOZA

315. GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and 308 through 314 as paragraph 315, as though fully set forth herein.

316. BARBOZA, while acting under color of law as a political candidate and/or at the direction of MADIGAN, violated GONZALES' rights granted by the Fifteenth Amendment of the United States Constitution.

317. The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

318. BARBOZA abridged the voting rights of Hispanics, including GONZALES, by entering the 2016 election for the District 22 seat of the Illinois House of Representatives for the sole reason to assist MADIGAN by diluting the Hispanic vote.

319. BARBOZA's actions were to dilute, minimize, and cancel the voting strength of Hispanics, including GONZALES.

320. As a direct and proximate result of the foregoing acts and/or omissions by BARBOZA, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

321. By reason of the misconduct of BARBOZA, GONZALES was deprived of rights secured to him by the Fifteenth Amendment to the Constitution of the United States and laws enacted thereunder, including the Voting Rights Act, 52 U.S.C. § 10101, et seq. Therefore, BARBOZA is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, JOE BARBOZA, both jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XXXV
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
## EQUAL PROTECTION – UNCONSTITUTIONAL VOTE DILUTION
## GRASIELA RODRIGUEZ

322. GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 as paragraph 322, as though fully set forth herein.

323. RODRIGUEZ, while acting under color of law as a political candidate and/or at the direction of MADIGAN, violated GONZALES' rights to equal protection under the law by the Fourteenth Amendment of the United States Constitution.

324. Upon information and belief, RODRIGUEZ had no intention of running a political campaign challenging incumbent MADIGAN for the District 22 seat.

325. Upon information and belief, when RODRIGUEZ's petition to be on the ballot was challenged, attorneys associated with MADIGAN defended her without her having to appear for a hearing.

326.    Upon information and belief, before the primary for the 22nd District, RODRIGUEZ no longer resided within the district.

327.    RODRIGUEZ interfered with the voting rights of Hispanics, including GONZALES, by entering the 2016 election for the District 22 seat of the Illinois House of Representatives for the sole reason to assist MADIGAN by diluting the Hispanic vote.

328.    Race was a predominant consideration in RODRIGUEZ's aforesaid actions.

329.    District 22 of the Illinois House of Representatives is predominantly Hispanic.

330.    As a direct and proximate result of the foregoing acts and/or omissions by RODRIGUEZ, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

331.    By reason of the misconduct of RODRIGUEZ, GONZALES was deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, RODRIGUEZ is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, GRASIELA RODRIGUEZ, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXXVI**
**42 U.S.C. § 1983 – FIFTEENTH AMENDMENT**
**UNCONSTITUTIONAL VOTE DILUTION**
**GRASIELA RODRIGUEZ**

332.    GONZALES re-alleges and incorporates by reference paragraphs 1 through 91 and 323 through 331 as paragraph 332, as though fully set forth herein.

333.    RODRIGUEZ, while acting under color of law as a political candidate and/or at the direction of MADIGAN, violated GONZALES' rights granted by the Fifteenth Amendment of the United States Constitution.

334.    The Fifteenth Amendment to the United States Constitution provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

335.    Upon information and belief, RODRIGUEZ had no intention of running a political campaign challenging incumbent MADIGAN for the District 22 seat.

336.    Upon information and belief, before the primary for the 22nd District, RODRIGUEZ no longer resided within the district.

337.    RODRIGUEZ abridged the voting rights of Hispanics, including GONZALES, by entering the 2016 election for the District 22 seat of the Illinois House of Representatives for the sole reason to assist MADIGAN by diluting the Hispanic vote.

338.    RODRIGUEZ's actions were to dilute, minimize, and cancel the voting strength of Hispanics, including GONZALES.

339.    As a direct and proximate result of the foregoing acts and/or omissions by RODRIGUEZ, GONZALES suffered injuries of a personal and pecuniary nature, including

emotional distress, damage to reputation, and further punishment despite being granted full pardons.

340.     By reason of the misconduct of RODRIGUEZ, GONZALES was deprived of rights secured to him by the Fifteenth Amendment to the Constitution of the United States and laws enacted thereunder, including the Voting Rights Act, 52 U.S.C. § 10101, et seq. Therefore, RODRIGUEZ is liable to GONZALES pursuant to 42 U.S.C. § 1983.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against Defendant, GRASIELA RODRIGUEZ, both jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XXXVII
## 42 U.S.C. § 1983 – CIVIL CONSPIRACY
## ALL DEFENDANTS

341.     GONZALES re-alleges and incorporates by reference all of the foregoing paragraphs as though fully set forth herein.

342.     Defendants MADIGAN, FRIENDS OF MADIGAN, 13TH WARD, DECREMER, TABARES, HANANIA, BARBOZA, and RODRIGUEZ , while acting under color of law, conspired to violate GONZALES' civil rights as secured to him by the United States Constitution, as detailed *supra* in Counts I – IV, VII – X, XIII – XVI, XIX, XXIII – XXVIII, and XXXIII – XXXVI.

343.     Upon information and belief, each defendant either holds an elected governmental position, is a consultant for the politicians, or holds a governmental job, thereby acting under color of state law.

56

344.     DEFENDANTS had an express or implied agreement among them to deprive GONZALES of his said constitutional rights.

345.     There was a meeting of the minds between the DEFENDANTS that GONZALES cannot win otherwise it would significantly reduce the governmental perks given to the 22nd District and/or 13th Ward and would essentially eliminate MADIGAN's ability to get employment for the DEFENDANTS, their employees, consultants and agents.

346.     If the DEFENDANTS did not support MADIGAN, their funding and employment was at risk.

347.     The DEFENDANTS worked in conjunction to ensure that MADIGAN would retain his seat in the House of Representative and thereby retain his position as Speaker of the House.

348.     Each of the DEFENDANTS benefits from the re-election of MADIGAN and several of them would either lose their employment, clout, influence, government benefits, and/or elected office if MADIGAN did not prevail.

349.     GONZALES suffered actual deprivations of those rights in the form of overt acts in furtherance of the agreement, also as detailed *supra* in Counts I – IV, VII – X, XIII – XVI, XIX, XXIII – XXVIII, and XXXIII – XXXVI.

350.     As a direct and proximate result of the foregoing acts and/or omissions by DEFENDANTS, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against the DEFENDANTS, MICHAEL J. MADIGAN, FRIENDS OF MICHAEL J. MADIGAN, 13TH

WARD DEMOCRATIC ORGANIZATION, SHAW DECREMER, SILVANA TABARES, RAY HANANIA, JOE BARBOZA, and GRASIELA RODRIGUEZ, jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

**COUNT XXXVIII**
**10 ILCS 5/29-18 – ILLINOIS – CONSPIRACY TO PREVENT VOTE**
**ALL DEFENDANTS**

351.    GONZALES re-alleges and incorporates herein by reference all of the foregoing paragraphs as though fully set forth herein.

352.    10 ILCS 5/29-18 provides that:

> If 2 or more persons conspire to prevent by force, intimidation, threat, deception, forgery or bribery any person from registering to vote, or preventing any person lawfully entitled to vote from voting, or preventing any person from supporting or opposing, in a legal manner, the nomination or election of any person for public or political party office, or a proposition voted upon at any election, or to injure any person or such person's property on account of such vote, support or advocacy, and if one or more persons so conspiring do, attempt or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property or deprived of having or exercising any right, privilege or immunity secured by the Constitution or laws of the United States or the State of Illinois relating to the conduct of elections, voting, or the nomination or election of candidates for public or political party office, all persons engaged in such conspiracy shall be liable to the party injured or any person affected, in any action or proceeding for redress.

353.    DEFENDANTS MADIGAN, FRIENDS OF MADIGAN, 13TH WARD, DECREMER, TABARES, HANANIA, BARBOZA, and RODRIGUEZ violated 10 ILCS 5/29-18 when they conspired to prevent by deception any person from supporting GONZALES by spreading false information about GONZALES and diluting the Hispanic vote.

58

354.     As a direct and proximate result of the foregoing acts and/or omissions by DEFENDANTS, GONZALES suffered injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against DEFENDANTS, MICHAEL J. MADIGAN, FRIENDS OF MICHAEL J. MADIGAN, 13TH WARD DEMOCRATIC ORGANIZATION, SHAW DECREMER, SILVANA TABARES, RAY HANANIA, JOE BARBOZA, and GRASIELA RODRIGUEZ, jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

## COUNT XXXIX
## 10 ILCS 5/29-17 – ILLINOIS – DEPRIVATION OF CONSTITUTIONAL RIGHTS
## ALL DEFENDANTS

355.     GONZALES re-alleges and incorporates herein by reference all of the foregoing paragraphs as though fully set forth herein.

356.     10 ILCS 5/29-17 provides that:

> Any person who subjects, or causes to be subjected, a citizen of the State of Illinois or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or of the State of Illinois, relating to registration to vote, the conduct of elections, voting, or the nomination or election of candidates for public or political party office, shall be liable to the party injured or any person affected, in any action or proceeding for redress.

357.     DEFENDANTS MADIGAN, FRIENDS OF MADIGAN, 13TH WARD, DECREMER, TABARES, HANANIA, BARBOZA, and RODRIGUEZ violated 10 ILCS 5/29-

59

17 when they deprived GONZALES of his constitutional rights as set forth *supra in* Counts I –
IV, VII – X, XIII – XVI, XIX, XXIII – XXVIII, and XXXIII – XXXVI.

358.    As a direct and proximate result of the foregoing acts and/or omissions by
DEFENDANTS, GONZALES suffered injuries of a personal and pecuniary nature, including
emotional distress, damage to reputation, and further punishment despite being granted full
pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against the
DEFENDANTS, MICHAEL J. MADIGAN, FRIENDS OF MICHAEL J. MADIGAN, 13TH
WARD DEMOCRATIC ORGANIZATION, SHAW DECREMER, SILVANA TABARES,
RAY HANANIA, JOE BARBOZA, and GRASIELA RODRIGUEZ, jointly and severally, for
substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other
and further relief as this Honorable Court deems just and proper, including temporary and
permanent injunctions from further engaging in the foregoing conduct.

### COUNT XL
### 42 U.S.C. § 1985(3) – CIVIL CONSPIRACY
### ALL DEFENDANTS

359.    GONZALES re-alleges and incorporates by reference all of the foregoing
paragraphs as though fully set forth herein.

360.    On Plaintiff's information and belief, based upon the actions detailed herein as
detailed *supra* in Counts I – IV, VII – X, XIII – XVI, XIX, XXIII – XXVIII, and XXXIII –
XXXVI, Defendants MADIGAN, FRIENDS OF MADIGAN, 13TH WARD, DECREMER,
TABARES, HANANIA, BARBOZA, and RODRIGUEZ engaged in an agreement for the
purpose of depriving Plaintiff, either directly or indirectly, of the equal protection of the laws, or
of equal privileges and immunities under the First, Fourteenth and Fifteenth Amendments to the

60

Constitution including but not limited to support for the use of sham candidates, defamation and dilution of votes.

361.    Upon information and belief, the conspiracy was motivated by Plaintiff's Hispanic race, in order to prevent a Hispanic candidate from winning election in a predominantly Hispanic legislative district, thereby preserving the control of MADIGAN, who is White, over the political power to vote for said district in the Illinois House of Representatives, and to otherwise preserve the political power of MADIGAN and his White allies over the district and in the Illinois House of Representatives.

362.    Upon information and belief, the conspiracy was motivated by Plaintiff's Hispanic race, in order to prevent a Hispanic candidate from winning election in a predominantly Hispanic legislative district, thereby retaining control in general by Whites of the 22nd District and/or 13th Ward and the 13th WARD DEMOCRATIC ORGANIZATION to the political and financial benefit of MADIGAN and his White allies.

363.    Upon information and belief, each individual Defendant either holds an elected governmental position, is a consultant for the politicians, or holds a governmental job, all through the State of Illinois or otherwise has income, placing such positions and/or income subject to the positive or negative influence of  influence of MADIGAN through his ability to influence, reward and/or intimidate those with control over the DEFENDANTS' positions through the power and influence of MADIGAN's state title and authority, as well as the extensive political financial assets at his disposal.

364.    Upon information and belief, MADIGAN as Speaker of the Illinois House of Representatives, expressly and intentionally used the power and influence of his state title and authority to secure the voluntary agreement of DEFENDANTS to enter the conspiracy and to

take overt actions to advance the ends of the conspiracy through, *inter alia*, the express or implied offer by him or his agents of reward of favor from MADIGAN through the power and influence of the Speaker of the Illinois House of Representatives and his office  for engaging in unlawful conduct as a sham candidate, engaging in unlawful conduct of defamation of Plaintiff, engaging in unlawful dilution of the vote, which reward or favor could take the form of employment, income or advancement in position and title or political favor within the political party of Defendant MADIGAN and the Defendant organizations.

365.    TABARES, as an Illinois Representative, expressly and intentionally used the power and influence of her state title and authority to advance the conspiracy and the actions taken to achieve the conspiracy through her open and notorious participation in the conspiracy and her actions to obtain and support the unlawful conduct against Defendant, including but not limited to support for the use of sham candidates, defamation and dilution of votes.

366.    There was a meeting of the minds between the DEFENDANTS that a victory of GONZALES would significantly reduce or essentially eliminate MADIGAN's ability to provide the governmental perks given to the 22nd District and/or 13th Ward and would essentially eliminate MADIGAN's ability to get employment for the DEFENDANTS, their employees, consultants and agents.

367.    Pursuant to the conspiracy alleged herein, and as detailed in prior counts of this Complaint, the DEFENDANTS worked in conjunction to ensure that MADIGAN would retain his seat in the House of Representative and thereby retain his position as Speaker of the House by means of the use of sham candidates, defamation and dilution of votes.

368.    Each of the DEFENDANTS benefits from the re-election of MADIGAN and several of them would either lose their employment, clout, influence, government benefits, and/or elected office if MADIGAN did not prevail.

369.    As alleged herein, Defendants engaged in overt acts in furtherance of the conspiracy by, *inter alia*, acting to place sham candidates on the ballot, engage in defamation against Plaintiff and engage in actions to otherwise cause dilution of votes.

370.    In performing overt acts in furtherance of the conspiracy, Defendants by necessity to achieve such ends at times intentionally caused or relied upon agencies and officials of the State of Illinois to knowingly or unknowingly assist in accomplishing the acts of the conspiracy by, *inter alia*:

      a.  mandating authorizing and scheduling elections for Illinois State Representative for the 22nd District in 2016;

      b.  accepting the petitions of the sham candidates JOE BARBOZA and GRASIELA RODRIGUEZ as candidates for Illinois State Representative for the 22nd District;

      c.  certifying sham candidates  JOE BARBOZA and GRASIELA RODRIGUEZ for the ballot for election of an Illinois State Representative for the 22nd District;

      d.  determining the placement of sham candidates JOE BARBOZA and GRASIELA RODRIGUEZ on the ballot for Illinois State Representative for the 22nd District;

      e.  conducting the election for Illinois State Representative for the 22nd District complained of herein;

      f.  certifying the result of the election for Illinois State Representative for the 22nd District complained of herein; and,

      g.  seating Defendant MADIGAN as the 22nd District State Representative.

371.    Upon information and belief, Defendants RODRIGUEZ and BARBOZA received rewards for their action of running as sham candidates for State Representative.

372.    As a direct and proximate result of the foregoing acts and/or omissions by DEFENDANTS, GONZALES was deprived of having and exercising rights or privileges of a citizen of the United States by the conspiracy and overt acts in furtherance of the conspiracy as detailed *supra* in Counts I – IV, VII – X, XIII – XVI, XIX, XXIII – XXVIII, and XXXIII – XXXVI.

373.    As a direct and proximate result of the foregoing acts and/or omissions by DEFENDANTS, GONZALES was injured in his person or property from suffering injuries of a personal and pecuniary nature, including emotional distress, damage to reputation, and further punishment despite being granted full pardons.

WHEREFORE Plaintiff JASON GONZALES, demands judgment against the DEFENDANTS, MICHAEL J. MADIGAN, FRIENDS OF MICHAEL J. MADIGAN, 13TH WARD DEMOCRATIC ORGANIZATION, SHAW DECREMER, SILVANA TABARES, RAY HANANIA, JOE BARBOZA, and GRASIELA RODRIGUEZ, jointly and severally, for substantial compensatory and punitive damages, plus attorneys' fees, costs, and for such other and further relief as this Honorable Court deems just and proper, including temporary and permanent injunctions from further engaging in the foregoing conduct.

Respectfully submitted,

JASON GONZALES

By: _____
        Anthony J. Peraica

Anthony J. Peraica
ARDC No. 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
5130 S. Archer Avenue
Chicago, Illinois 60632
773-735-1700 – office

64