IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 7915 |
| | ) | |
| v. | ) | Judge Matthew J. Kennelly |
| | ) | |
| MICHAEL J. MADIGAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINITFF'S MOTION FOR JOINDER AND
LEAVE TO FILE AMENDED COMPLAINT**

NOW COMES Plaintiff, JASON GONZALES, and Movant, JASON FOR ILLINOIS, an Illinois political committee (hereinafter the "Committee") by and through his counsel and, pursuant to Rules 20(a)(1) and 15(a) of the Federal Rules of Civil Procedure, moves this Honorable Court to grant joinder of the Committee as a party Plaintiff, and grant leave to file an Amended Complaint adding said claims. A copy of the proposed Third Amended Complaint is attached hereto as Exhibit A. Gonzales himself is adding no new claims.

The Committee is a "candidate political committee" registered with the Illinois State Board of Elections pursuant to the Illinois Election Code. Gonzales is its Chairman of the Committee. The Committee's sole stated purpose is the election of Gonzales to public office. The Committee raised and expended over $250,000 in support of Gonzales' candidacy in the 2016 Democratic Primary. Thus, the Committee asserts damage not only for deprivation of rights, but also monetary damages.

Joinder of the Committee is proper. F. R. Civ. P. states:

**(a) Persons Who May Join or Be Joined.**

**(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:

> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Joinder of the Committee meets either test of the rule. First, in Counts XLI through LI, the Committee seeks its own recovery for injury arising from the actions and conspiracy of the Defendants, both directly as to its own rights under the First Amendment (Counts XLI though LI). Political committees are recognized as having First Amendment rights, including freedom of political expression. "The independent expression of a political party's views is 'core' First Amendment activity no less than is the independent expression of individuals, candidates, or other political committees." *Colorado Republican Fed. Campaign Comm. v. Fed. Election Comm'n*, 518 U.S. 604, 616, 116 S. Ct. 2309, 2316, 135 L. Ed. 2d 795 (1996). "It can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office." *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272, 91 S. Ct. 621, 625, 28 L.Ed.2d 35 (1971). Political committees have long been recognized as possessing First Amendment rights. See, *e.g., Buckley v. Valeo*, 424 U.S. 1, 96 S. Ct. 612, 632, 46 L. Ed. 2d 659 (1976). The Committee's claims for deprivation of its First Amendment rights must be allowed to be heard in court.

In the proposed Third Amended Complaint, the Committee asserts a second path to recovery under Illinois law as a party "affected" by the deprivations practiced on current Plaintiff Jason Gonzales. (Counts XLIX and L). The Illinois statutes invoked allow recovery not only to the party subject to wrongful conduct, in this case Plaintiff Gonzales, but also to other parties that are "affected" by the primary wrongdoing. See, 10 ILCS 5/29-17 (deprivation of constitutional rights) and 10 ILCS 5/29-18 (conspiracy to use deception to prevent support for

2

the election to a public office). Appling these statutes, by proof of violative conduct towards Gonzales that adversely affects the Committee, the Committee is entitled to recovery.

The proposed claims of the Committee present issues of fact and law that overlap those of Gonzales. Rule 20 analyses are conducted on a case-by-case basis because no hard and fast rules have been established. *Adkins v. Illinois Bell Tel. Co.*, 14 C 1456, 2015 WL 1508496, at *7 (N.D. Ill. Mar. 24, 2015). Although 'transaction or occurrence' is not defined in Rule 20(a), courts interpret it broadly, "depending not so much upon the immediateness of their connection as upon their logical relationship." *Lozada v. City of Chi.,* 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010) (quoting *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974)) "Among the elements considered are whether the alleged conduct occurred during the same general time period, involved the same people. *Lozada, ibid* at *2.

In the case at bar, the factual and legal connections between the claims of Gonzales and the Committee hardly require discussion, as they are premised upon the same allegations of fact and the same wrongful conduct by the same Defendants, rely on closely related legal theories, and even overlap where the Committee seeks recovery for being adversely affected by misconduct directed at Gonzales.

WHEREFORE, Plaintiff, JASON GONZALES, and Movant JASON FOR ILLINOIS, an Illinois political committee, respectfully request that this Honorable Court grant the following relief:

A. Joinder of JASON FOR ILLINOIS as a party plaintiff;

B. Leave to file the Third Amended Complaint; and,

C. Such other and further relief and this Honorable Court deems appropriate in the premises.

          Respectfully submitted,

          ANTHONY J. PERAICA & ASSOCIATES, LTD.

         By: /s/ Anthony J. Peraica_____

Anthony J. Peraica
ARDC No. 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
5130 S. Archer Avenue
Chicago, Illinois 60632
773-735-1700 – office
773-585-3035 – facsimile
peraicalaw@aol.com
*Attorney for Plaintiff*