# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON GONZALES, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 16 C 7915 |
| MICHAEL J. MADIGAN, et al., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2016, Jason Gonzales ran against Michael J. Madigan in the Democratic primary for the Illinois House of Representatives seat that Madigan occupies. Gonzales alleges that, during the campaign, Madigan and his associates asserted false statements about Gonzales' criminal record and put forward two sham candidates, all intended to divert support from Gonzales. Gonzales filed a lawsuit against Madigan and others affiliated with him, alleging violations of state and federal law. The defendants moved to dismiss the federal claims, and the Court dismissed some claims but not others. The Court now considers the defendants' motion to dismiss the state-law claims.

## Background

The Court assumes familiarity with the allegations in this case and will summarize them only briefly here. The Court explained Gonzales' allegations in greater detail in its March 14, 2017 opinion. *See generally Gonzales v. Madigan*, No. 16 C

7915, 2017 WL 977007 (N.D. Ill. Mar. 14, 2017).

In his second amended complaint, Gonzales alleges that as a teenager, he had multiple arrests and faced several criminal charges for unlawfully using credit cards at shopping malls. 2d Am. Compl. ¶ 69. He was convicted of felony and misdemeanor charges and spent a short time in jail. *Id.* As an adult, Gonzales changed the direction of his life; he went back and finished high school, graduated from a prestigious university, and obtained two masters' degrees. *Id.* ¶ 70. He became involved in civic activities and public service. *Id.* ¶¶ 71-72. He wanted to seek public office but "was prevented from doing so because of his criminal record." *Id.* ¶ 73. He therefore sought a gubernatorial pardon. *Id.* ¶ 74. In January 2015, Governor Pat Quinn "granted Gonzales executive clemency and a full pardon with an order permitting expungement." *Id.* ¶ 75. This, Gonzales alleges, "both relieves the pardoned person from further punishment and cleanses him of guilt for the pardoned offense." *Id.* ¶ 76. By October 2015, Gonzales alleges, "all of [his] criminal case files had been either expunged or sealed." *Id.* ¶ 77.

As indicated earlier, Gonzales ran against Madigan in the 2016 Democratic primary election. Gonzales alleges that when they became aware he was running, Madigan and his associates (the other defendants) put up two candidates—Joe Barbosa and Grasiela Rodriguez—to dilute the Hispanic vote. Both candidates have Hispanic surnames, and approximately 70 percent of the residents in Madigan's district are Hispanic. Gonzales also alleges that, during the campaign, Madigan and his associates falsely described him as a convicted felon. Gonzales contends that the pardon he received renders false the statement that he is a convicted felon.

In Gonzales' most recent complaint, he alleges defamation claims against the defendants in counts 5, 11, 17, 20, 29, and 31; false light claims in counts 6, 12, 18, 21, 30, and 32; and state statutory claims in counts 38 and 39. The defendants have moved to dismiss all of these claims. The Court considers the defamation claims and the false light claims together, as the individual counts do not materially differ.

## Discussion

The defendants argue that each of Gonzales' state law claims fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). In considering a motion to dismiss, a court accepts factual allegations as true but not legal conclusions. *See, e.g., Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017).

### I. Common law tort claims

Gonzales asserts two types of common law tort claims, defamation and false light, against the defendants. To prevail on either type of claim, a plaintiff must prove that the defendant made a false statement. *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 459 (2009) (defamation); *Lovren v. Citizens First Nat. Bank of Princeton*, 126 Ill. 2d 411, 418, 534 N.E.2d 987, 989 (1989) (false light). Moreover, because the alleged statements occurred while Gonzales was running for public office, he must, as a public figure, meet the "actual malice" standard: he must show that the defendant made the statement with knowledge that it was false or with reckless disregard of its falsity. *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 270-71 (1971). Gonzales argues that the

defendants knew their description of him as a convicted felon was false due to the pardon he received from Governor Quinn.

Gonzales has not plausibly alleged that the pardon rendered false the defendants' description of him as a convicted felon. The complaint's allegation in this regard is a conclusory statement that amounts to a proposition of law, or perhaps a statement regarding the application of law to fact, as it concerns the legal effect of the pardon that Gonzales alleges he received. The Court thus examines the allegation to determine whether it is supportable.

The parties dispute the effect of a pardon. In Illinois, the governor may grant a pardon based on innocence. *See Bowens v. Quinn*, 561 F.3d 671, 674-75 (7th Cir. 2009); *People v. Chiappa*, 53 Ill. App. 3d 639, 640-41, 368 N.E.2d 925, 926-27 (1977). The typical pardon, however, alleviates the consequences of a conviction without disputing its legitimacy. *See Talarico v. Dunlap*, 177 Ill. 2d 185, 190, 685 N.E.2d 325, 327 (1997). Under Illinois law, "the guilt of the defendant is absolved by a pardon only where the same states that it is based on the innocence of the defendant." *Chiappa*, 53 Ill. App. 3d at 641, 368 N.E.2d at 926. A general pardon, by contrast, "does not absolve the defendant from guilty but forgives him for having committed the crime. In the vernacular, such a pardon is an act of forgiveness, not forgetfulness." *Id.* at 641, 368 N.E.2d at 926-27.

Gonzales does not allege that he obtained a pardon based on innocence. Without this, his conclusory allegation that his pardon eliminated the fact of his conviction is not entitled to be accepted as true for purposes of a motion to dismiss.

Gonzales does allege that the pardon that he received from Governor Quinn

4

authorized expungement of his record.  He cites no authority, however, suggesting that this alters the character of the pardon he received or converted it to a pardon based on innocence.  The relevant statute authorizes several different types of expungement orders, depending upon the nature of the arrest, charge, or conviction to be expunged. 20 ILCS 2630/5.2.  A person whose record is expunged following an arrest or charge that "resulted in an acquittal, dismissal, the petitioner's release without charging, or the reversal or vacation of a conviction," *id.* § 5.2(b)(2)(A), has his records destroyed entirely, *id.* § 5.2(d)(9)(A)(i), and the agency that once held these records, if asked for them, must "reply as it does in response to inquiries when no records ever existed." *Id.* § 5.2(d)(9)(A)(iii).  By contrast, an expungement order pursuant to a pardon authorizing the expungement of a conviction, *id.* § 5.2(e), does not require the state to forget the pardon recipient's prior convictions.  Rather, his records are sealed and saved, in the event that he is later arrested for a similar offense or must be sentenced for a subsequent crime.  *Id.*  Thus a convicted person who receives a pardon authorizing expungement cannot claim that the state has completely forgotten his conviction.

In sum, Gonzales has not plausibly alleged that any statement that he was a convicted felon was false, let alone knowingly or recklessly so.  The Court therefore grants the defendants' motion to dismiss his defamation and false light claims.

**II.     Statutory claims**

Gonzales also alleges the defendants, by filing sham candidates to run against him, violated two state statutes that protect political participation.  First, he contends he was injured by the defendants' deprivation of political rights protected under the laws of Illinois or the United States.  10 ILCS 5/29-17.  Both parties concede that this issue is

5

analogous to the plaintiff's federal section 1983 claim and rest on their earlier arguments.  Defs.' Mot. to Dismiss Br. at 11; Pl.'s Resp. Br. at 9.  Because the Court has denied the defendants' motion to dismiss the Section 1983 claim, *Gonzales v. Madigan*, No. 16 C 7915, 2017 WL 3978703, *6-8 (N.D. Ill. Sept. 11, 2017), it also denies the defendants' motion to dismiss the claim under section 5/29-17.

Second, Gonzales alleges that the defendants, by putting forward two sham candidates, have deceived voters from fully exercising their right to vote for the candidate of their choice in violation of 10 ILCS 5/29-18.  To prevail on this claim, Gonzales must show that two or more people conspired to prevent others, through "force, intimidation, threat, deception, forgery or bribery" from engaging in voting or other political activity.  *Id.*

In *Smith v. Cherry*, 489 F.2d 1098 (7th Cir. 1973), the Seventh Circuit held that the defendants who placed a sham candidate on the ballot "intended to deceive the voters," as voters who voted for the sham candidate did not realize that they were, in effect, supporting the candidate that organized the sham entry.  *Id.* at 1102.  The court held that Smith sufficiently alleged a section 1983 claim, based on the alleged deprivation of the Fourteenth Amendment right to vote.  *Id.*  Gonzales alleges that the defendants have similarly "debased the rights of all voters in the election" by placing candidates on the ballot that voters did not realize were, in effect, proxies for Madigan. Thus Gonzales has plausibly alleged facts entitling him to relief on his section 5/29-18 claim.  The Court denies the defendants' motion to dismiss counts 38 and 39.

**Conclusion**

For the foregoing reasons, the Court grants the defendants' motion to dismiss in part and denies it in part. [dkt. no. 71]. The Court dismisses counts 5, 6, 11, 12, 17, 18, 20, 21, 29, 30, 31, and 32 of plaintiff's second amended complaint. The Court denies the defendants' motion to dismiss counts 38 and 39.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 17, 2018