**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-7915 |
| | ) | |
| MICHAEL J. MADIGAN, FRIENDS OF | ) | |
| MICHAEL J. MADIGAN, 13TH WARD | ) | Judge Matthew F. Kennelly |
| DEMOCRATIC ORGANIZATION, SHAW | ) | |
| DECREMER, SILVANA TABARES, JOE | ) | |
| BARBOSA, and GRASIELA RODRIGUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff, JASON GONZALES, and

Defendants, MICHAEL J. MADIGAN, FRIENDS OF MICHAEL J. MADIGAN, 13TH WARD

DEMOCRATIC ORGANIZATION, SHAW DECREMER, SILVANA TABARES, JOE

BARBOSA, and GRASIELA RODRIGUEZ (collectively hereinafter "Defendants"), by and

through their undersigned attorneys, have stipulated and agreed to the terms and definitions

outlined in this Agreed Protective Order. In accord with the parties' agreement, and for good

cause shown, the Court issues the following order, as governed by the terms and definitions

below:

**DEFINITIONS**

1. The term "Deposition" means the oral deposition of Defendant Michael J.

Madigan taken pursuant to Federal Rule of Civil Procedure Rule 30.

2. The term "Recording" means the audio and audiovisual recording of the

Deposition, including copies, excerpts, summaries, or descriptions.

302502080v1 1002097

3.      The term "Parties" means the parties of record in this case.

4.      The term "Counsel" means the parties' counsel in this action.

5.      As used herein, "person" includes the parties, their counsel, and any others who have agreed to be bound by this Protective Order.

## GENERAL RULES

1.      The Deposition and Recording shall be subject to this Order.

2.      The provisions of this Protective Order shall apply to (i) the parties, (ii) their counsel, and (iii) any others who have agreed to be bound by this Protective Order by signing the attached non-disclosure statement.

3.      This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure.

4.      This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

5.      Nothing herein shall be construed to affect in any manner the admissibility of the Recording for motion purposes or during the trial of this matter.

6.      All parties retain the right to object to the use of the Recording on the grounds that it is protected as privileged, as attorney work product, or on any other grounds.

7.      Nothing in this Protective Order shall be construed to prevent disclosure of the Recording if such disclosure is required by law or by order of the Court.

## SCOPE OF DEPOSITION

1.    The parties agree that the Deposition shall be limited to questioning relevant, as defined by the Federal Rules of Civil Procedure, to Plaintiff's Second Amended Complaint.

2.    The scope of the Deposition shall be restricted as follows:

    a.    Counsel for Plaintiff shall not question Defendant Madigan regarding any present or past legislative work or electoral strategies other than:

        i.    Matters demonstrably having a factual, causal or other relationship to the support of any candidate in the 2016 Democratic primary election in the 22nd District of the Illinois House of Representatives ; and

        ii.    Defendant Madigan's direct or indirect support for Larry Dominick, Daniel Lipinski or Silvana Tabares prior to or during the 2016 primary election in the 22nd District of the Illinois House of Representatives;

        iii.    Graciela Rodriquez (or any relative of Ms. Rodriquez), or Joe Barboza (or any relative of Mr. Barboza).

    b.    Counsel for Plaintiff shall not question Defendant Madigan regarding his law practice.

    c.    Counsel for Plaintiff shall not question Defendant Madigan about his family members with the exception of questions regarding any actions by Attorney General Lisa Madigan or her office directly related to the 2016 Democratic primary election in the 22nd District of the Illinois House of Representatives, Graciela Rodriquez (or any relative of Ms. Rodriquez), or Joe Barboza (or any relative of Mr. Barboza).

    d.    Subject to subparagraph a herein, counsel for Plaintiff shall not question Defendant Madigan regarding the current structure, actions and/or operations of any political organizations; and shall not question Defendant Madigan as to any conversations or communications between any members and/or employees of the Friends of Michael J. Madigan, Illinois Democratic Party, the Democratic Majority, the 13th Ward Democratic Organization, and/or any other political organizations; except for questions regarding:

        i.    The structure and actions of the Defendant political organizations between March 1, 2015 through April 30, 2016;

        ii.    The structure of any non-party political organization between March 1, 2015 through April 30, 2016;

      iii.    Actions of any non-party political organization between March 1, 2015 through April 30, 2016 that are directly relevant to the 2016 Democratic Primary for the 22nd Representative District, Graciela Rodriquez (or any relative of Ms. Rodriquez) or Joe Barboza (or any relative of Mr. Barboza); and

      iv.    Defendant Madigan's use of his positions in any political organizations, or his use of political influence, of his use of powers of public office in connection with the 2016 primary election in the 22nd District

      v.    Graciela Rodriquez (or any relative of Ms. Rodriquez), or Joe Barboza (or any relative of Mr. Barboza).

## THE RECORDING

1.    From the time it is made until after the date of the 2018 general election in the 22nd District, the Recording shall be kept and viewed "Attorney's Eyes Only" By counsel for all parties. The only attorneys for Plaintiff who can view the Recording are Anthony Peraica, Jennifer Hill and Stephen Boulton. Counsel shall not share the recording with anyone else including any other attorneys, staff, employees, or other any other personnel at their respective office(s).

2.    After the 2018 general election in the 22nd District through trial and the pendency of any post-judgment trial court proceedings, the Parties and Counsel shall not disclose or permit the disclosure of the Recording to any third person or entity except as set forth in the following subparagraphs (1)-(9) and only after said third person signs the attached non-disclosure certificate.

    (1)    Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

    (2)    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    The Court and its personnel;

4

(4)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

(6)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(7)    Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of the Transcript and may not review the Transcript before or after their deposition.

(8)    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

3.    Counsel for each party and each person receiving the Recording, through trial and the pendency of any post-judgment trial court proceedings, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of the Recording. If the Recording is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

302502080v1 1002097

4.      This Order does not, by itself, authorize the filing of the Recording under seal. Any party wishing to file the Recording in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

IT IS SO ORDERED.

_____
Matthew F. Kennelly
District Judge

DATED:  September 12, 2018

302502080v1 1002097

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON GONZALES, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 16-CV-7915 |
| | ) |
| MICHAEL J. MADIGAN, FRIENDS OF | ) |
| MICHAEL J. MADIGAN, 13TH WARD | )   Judge: Matthew F. Kennelly |
| DEMOCRATIC ORGANIZATION, SHAW | ) |
| DECREMER, SILVANA TABARES, JOE | ) |
| BARBOSA, and GRASIELA RODRIGUEZ, | ) |
| | ) |
|       Defendants. | ) |

## <u>NON-DISCLOSURE CERTIFICATE</u>

I certify my understanding that access to the Recording, as defined in the Protective Order, is provided to me pursuant to the terms and restrictions of the Protective Order dated September _____, 2018 and that I have been given a copy of, and have read, the Protective Order and agree to be bound by its terms. I understand that the Recording, as those terms are defined in the Protective Order, shall not be disclosed to anyone other than in accordance with that Protective Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Protective Order.

By: _____

Title: _____

Representing: _____

Date: _____

302502080v1 1002097